**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 18-1807**

———————

DAVID ABIODUN K.G.B. ONAFEKO,

Plaintiff - Appellant,

v.

GOVERNMENT OF THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND; MINISTRY OF JUSTICE, UNITED KINGDOM; CROWN PROSECUTION SERVICE, UNITED KINGDOM; FEDERAL REPUBLIC OF NIGERIA; DIRECTOR OF PROSECUTIONS, NIGERIA; DAVID OLANIYI OYEDEPO; FAITH TABERNACLE, OTA; WINNERS CHAPEL,

Defendants - Appellees.

———————

**No. 18-1863**

———————

DAVID ABIODUN K.G.B. ONAFEKO,

Plaintiff - Appellant,

v.

GOVERNMENT OF THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND; MINISTRY OF JUSTICE, UNITED KINGDOM; CROWN PROSECUTION SERVICE, UNITED KINGDOM; FEDERAL REPUBLIC OF NIGERIA; DIRECTOR OF PROSECUTIONS, NIGERIA; DAVID OLANIYI OYEDEPO; FAITH TABERNACLE, OTA; WINNERS CHAPEL,

Defendants - Appellees.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:18-cv-00848-LMB-MSN)

Submitted: November 13, 2018                     Decided: November 30, 2018

Before FLOYD and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David Abiodun K.G.B. Onafeko, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, David Obiodun K.G.B. Onafeko appeals the district court's orders dismissing his complaint[*] and denying his Fed. R. Civ. P. 59(e) motion. We have reviewed the record and find no reversible error in the district court's dismissal of the religious organization defendants for lack of diversity jurisdiction under 28 U.S.C. § 1332 (2012), or in the district court's denial of Onafeko's Rule 59(e) motion. Accordingly, we affirm this portion of the appeal for the reasons stated by the district court. *Onafeko v. Gov't of U.K.*, No. 1:18-cv-00848-LMB-MSN (E.D. Va. July 10, 2018; July 17, 2018).

The district court properly dismissed Onafeko's claims against the government entity defendants for lack of subject matter jurisdiction. Although the district court held that it lacked diversity jurisdiction, we conclude that the district court lacked jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1330(a) (2012), 28 U.S.C.A. §§ 1602-1607 (West 2006 & Supp. 2018); *see Argentine Rep. v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434-39 (1989) ("[T]he FSIA [is] the sole basis for obtaining jurisdiction over a foreign state in our courts."). We therefore affirm the district court's dismissal of the government entity defendants for lack of subject matter jurisdiction under the FSIA.

---

[*] Although the district court dismissed the complaint without prejudice, we have jurisdiction over the appeal because it is clear that further amendment to the complaint would not cure the jurisdictional defect identified by the district court. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 628 (4th Cir. 2015).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*